[No. 41223. En Banc. March 19, 1970.]
ELLA PINKNEY, *Appellant,* v. ROSE J. AYERS, *Respondent.**

*James A. Schasre,* for appellant.

*William M. Gerraughty,* for respondent.

PER CURIAM.—Mrs. Pinkney appeals from a judgment that defined the respective rights in realty possessed by Mrs. Ayers and herself. Appellant contends a prior order of the trial court was res judicata and thus precluded entry of the judgment.

The parties were both unmarried. Appellant became unable to make further payments on a real estate contract covering her home. Respondent agreed to assume the substantial balance due on the contract because of their long friendship. As a result, appellant's interest therein was conveyed to respondent by a quitclaim deed and purchaser's assignment of real estate contract. The document provided in part that appellant would have the right to live in the house as long as she wished, without cost.

Respondent moved into the house with her son and two nieces. Shortly thereafter the friendship deteriorated. In May of 1966, appellant filed a complaint that sought to restrain respondent from interfering with appellant's right of occupancy. It also prayed for damages and in the alternative asked that appellant be compensated for her equity in the premises. The complaint was amended early in October of 1966 by increasing the prayer for damages on the theory of an alleged constructive eviction.

Although the trial court did consider the matter on October 6, 1966, it is not clear whether the parties were before the court as a result of the amended complaint or one of

*Reported in 466 P.2d 853.

appellant's several show cause orders. Nevertheless, the case was not heard on the merits. The attorneys merely presented an agreed order that defined the rights of the respective parties in and to the premises and directed respondent to make certain repairs and alterations.

Shortly after the agreed order was signed, appellant obtained several additional show cause orders each alleging violations of the agreed order by respondent. None was heard. A second amended complaint was filed in February of 1967, reasserting the amended complaint and asking for additional relief including attorney's fees.

Appellant instituted another show cause action in August of 1967. It was heard by a second trial judge who attempted to preserve the status quo until the case could be heard. Again there was no disposition.

A third judge finally tried the cause on the merits in June of 1968. Findings of fact, conclusions of law and judgment were entered defining the rights of the parties in and to the realty. There was a variance between the terms of the judgment and the prior agreed order.

Appellant's assignment of error asserts that the trial judge lacked authority to decide the matter on its merits. It is urged that the agreed order was res judicata as to the duties and rights of the parties in the property. The assignment of error is not well taken.

The record makes it clear the agreed order was intended to be interlocutory in nature. Furthermore, appellant's present contention is not consistent with the posture of her second amended complaint. It submitted *all* issues to the trial court. At that stage of the proceedings, appellant herself treated the agreed order as only interlocutory.

The judgment is affirmed except as modified to indicate that appellant possesses an interest in the real estate.